**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **DAVID WALKER,** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | **CIVIL NO. JKB-16-2939** |
| **NATIONSTAR MORTGAGE LLC,** *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM**</u>

Plaintiffs David and Jovan Walker initiated this pro se action alleging a claim in recoupment (Count I), breach of fiduciary duty (Count II), and fraud (Count III) against Nationstar Mortgage LLC ("Nationstar"); U.S. Bank National Association ("U.S. Bank"); and Buonassissi, Henning, and Lash, P.C. (Compl., ECF No. 1.)[1] In addition to injunctive relief and legal costs, Plaintiffs curiously seek punitive damages to be paid in the form of 80,000 silver, one-ounce coins from each Defendant. (Compl. ¶ 46.) Plaintiffs' have also asked to be recognized as class representatives for those victimized by Defendants' practices. (*Id.* at 48–55.) Pending is Defendants Nationstar and U.S. Bank's joint motion to dismiss (ECF No. 20),[2] which has been fully briefed (ECF Nos. 23, 26), and no hearing is necessary, Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the Court will grant Defendants' motion. Furthermore, because the docket reflects no evidence that service has been effected on Defendant Buonassissi, Henning, and Lash, P.C., the Court will require Plaintiffs to show cause why this party should not be dismissed from the case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

---

[1] The case was transferred to this district from the United States District Court for the District of Columbia pursuant to a finding of improper venue. (J. Boasberg Order, ECF No. 12.)

[2] Defendant Buonassissi, Henning, and Lash, P.C. is not a party to the pending motion.

## I. Standard for Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## II. Allegations of the Complaint

The facts underlying Plaintiffs' complaint arise from a mortgage they entered into on December 30, 2005, with SGB Mortgage Corporation ("SGB"). (Compl. ¶ 5; Securitization Audit 8, ECF No. 1.) Plaintiffs allege that SGB approved them for a mortgage they could not afford and understated the applicable finance charge and interest rate. (Compl. ¶¶ 37–39, 41.)

U.S. Bank is presently the trustee of the mortgage, and Nationstar is the loan servicer. (*Id.* at ¶¶ 2–3, 6.) Plaintiffs allege that Nationstar has inaccurately presented itself as the lender (*id.* at ¶ 2); that U.S. Bank has failed to make required disclosures (*id.* at ¶ 37); that neither entity has complied with Plaintiffs' request to produce the physical note securing the mortgage (*id.*

at ¶ 5); and that the ownership of the note and mortgage have been unlawfully separated, creating an invalid chain of title to the deed of trust (*id.* at ¶ 22).

### III. Analysis

Plaintiffs bring a claim under the Truth in Lending Act ("TILA") as well as claims for breach of fiduciary duty and fraud pursuant to Maryland common law. However, as Defendants have argued, none of these claims may be brought in the present action and all run afoul of applicable statutes of limitations.

Plaintiffs' first cause of action is a "claim in recoupment" pursuant to the TILA. (Compl. ¶¶ 36–55.) The TILA provides consumers with a number of private rights of action that may be brought against creditors, assignees, or servicers in mortgage transactions, but the statute of limitations for all such actions is either one or three years from the time of the violation. 15 U.S.C. § 1640(a), (e) (2016). In a proceeding wherein a mortgage holder initiates a foreclosure proceeding against a consumer, the TILA further provides consumers with a *defense by recoupment*, which is available regardless of any time limit. 15 U.S.C. § 1640(k) (2016). In attempting to bring a *claim of recoupment*, Plaintiffs fail to differentiate between a right of action and an affirmative defense.[3] Because the instant case is not a foreclosure action, and because the Walkers are plaintiffs, the TILA does not allow them to invoke recoupment. Therefore, the TILA's filing deadlines govern any action Plaintiffs might bring. Because Plaintiffs' allegations relate to events that transpired at the signing of their mortgage in 2005, those filing deadlines have long expired. Plaintiffs therefore have no viable TILA claim.[4]

---

[3] A right of action is a plaintiff's right to bring a specific case to court, *Right of Action*, Black's Law Dictionary (10th ed. 2014), while an affirmative defense is a defendant's assertion of facts that, if true, defeat the plaintiff's claim, *Defense*, Black's Law Dictionary (10th ed. 2014).

[4] Additionally, as pro se litigants, Plaintiffs may not be certified as representatives in a class-action lawsuit. *See Fowler v. Lee*, 18 F. App'x 164, 165 (4th Cir. 2001) (per curiam) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). Their request to be recognized as class representatives, therefore, is denied.

Plaintiffs' second claim is for a breach of fiduciary duty. (Compl. ¶¶ 56–58, 47–53.)[5] Significantly, Maryland does not recognize a separate tort for breach of fiduciary duty; rather, a breach of fiduciary duty may give rise to liability under some other cause of action in tort or contract. *Int'l Bhd. of Teamsters v. Willis Corroon Corp. of Md.*, 802 A.2d 1050, 1051 n.1 (Md. 2002). Furthermore, Maryland courts do not ordinarily find a fiduciary relationship to exist between a bank and its customer in a loan transaction. *Yousef v. Trustbank Sav., F.S.B.*, 568 A.2d 1134, 1138 (Md. Ct. Spec. App. 1990). Finally, the statute of limitations for a civil action in Maryland is three years. Md. Code Ann., Cts. & Jud. Proc. § 5-101 (LexisNexis 2013). Because the alleged breach occurred at the origination of the loan in 2005, because Defendants are not and never were in fiduciary relationship with Plaintiffs, and because Maryland does not recognize it as a stand-alone claim, Plaintiffs fail to state a viable claim for breach of fiduciary relationship.

Plaintiffs' final claim is for fraud. (Compl. ¶¶ 54–60.) Maryland defines fraud as an intentionally or recklessly false representation made with the intent to deceive the plaintiff, wherein the plaintiff reasonably relied on the misrepresentation and was injured as a result. *SpinCycle, Inc. v. Kalender*, 186 F. Supp. 2d 585, 590 (D. Md. 2002). The section of the Complaint alleging fraud refers exclusively to alleged misrepresentations made by SGB, the original lender in Plaintiff's mortgage. (Compl. ¶¶ 56–60.) Because those representations were allegedly made in 2005, they fall outside of the three-year statute of limitations for a civil action in Maryland. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (LexisNexis 2013). Furthermore, SGB is not a party to the instant suit. Even if Plaintiffs incorporate into their charge of fraud the allegation that Nationstar misrepresented itself as an assignee (*see* Compl. ¶¶ 2, 21, 54),[6]

---

[5] The sequence in the Complaint's paragraph numbering is disrupted between pages 29 and 30.
[6] The Court makes no determination as to whether the Complaint incorporates such allegations.

Plaintiffs do not plead facts to show that they relied on Nationstar's statements to their detriment. Plaintiffs thus fail to state a claim for fraud, as well.

## IV. Conclusion

For the foregoing reasons, a separate order will issue in which the Court will deny Plaintiffs' request to be recognized as class representatives; will grant Nationstar and U.S. Bank's joint motion to dismiss the complaint against them; and will require Plaintiffs to promptly show cause why Defendant Buonassissi, Henning, and Lash, P.C., should not be dismissed from the case.

DATED this 13th day of February, 2017.

BY THE COURT:

/s/
James K. Bredar
United States District Judge